**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **HENRIQUEZ JEAN,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:15-cv-01691-TCB-AJB** |
| **v.** | : | |
| | : | |
| **CAVALRY SPV I, LLC,** *as* | : | |
| *assignee of FIA Card Services, NA* | : | |
| *also known as* **Bank of America,** | : | |
| **N.A. (USA),** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Before the Court is the Motion for Summary Judgment filed by Defendant

Cavalry SPV I, LLC, as assignee of FIA Card Services, NA also known as Bank of

America, N.A. (USA) ("Defendant" or "SPV"), [Doc. 12], Plaintiff's Motion to Strike

the Affidavit of Terry Rivera, [Doc. 15], and Plaintiff's Motion for Leave to File a

Surreply, [Doc. 20].  For the reasons below, Plaintiff's motion for leave to file a

surreply, [Doc. 20], is **GRANTED**, Plaintiff's motion to strike, [Doc. 15], is **DENIED**,

and the undersigned **RECOMMENDS** that Defendant's motion for summary judgment, [Doc. 12], be **GRANTED**.[1]

## I.   Background

Plaintiff Henriquez Jean filed a Complaint in the Magistrate Court of Clayton County on April 13, 2015 against Defendant alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, ("FCRA").  [Doc. 1-1 at 4-7].  On May 13, 2015, Defendant removed the matter to this Court, [Doc. 1], and filed an answer on May 20, [Doc. 4].  The case then proceeded through the four-month discovery track.  [*See* Dkt.; Doc. 8 at 2].  On August 10, approximately six weeks into the discovery period, Defendant filed the pending motion for summary judgment and an affidavit in support of the motion.  [Doc. 12; Doc. 12-2].  Defendant subsequently filed a motion to stay

---

[1]      Plaintiffs' motion to strike is not itself dispositive of any claim, as it only seeks to strike Defendant's affidavit.  A motion to strike is not among the type of motions set forth in 28 U.S.C. § 636(b)(1)(A), and therefore a magistrate judge may properly resolve the motion by order.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see  Bennett v. General Caster Service of N. Gordon Company, Inc.*, 976 F.2d 995, 997 (6th Cir. 1992) (holding that dispositive matter under Federal Magistrates Act is one in which order is functional equivalent to an involuntary dismissal, and recognizing a motion to strike as dispositive where it disposes of a party's claims or defenses);  *cf. Lancer Arabians, Inc. v. Beech Aircraft Corp.*, 723 F. Supp. 1444, 1445-46 (M.D. Fla.1989) (construing magistrate judge's order on  motion to strike as a recommendation when the movant conceded that its "motion to strike" was actually dismissal application directed at certain damages claims).

2

discovery pending ruling on the motion for summary judgment. [Doc.14]. On September 2, Plaintiff filed a motion to strike the affidavit as well as his response to Defendant's motion for summary judgment. [Docs. 15-16]. Plaintiff did not file a response to the motion to stay, indicating no opposition to the motion, *see* N.D. Ga. R. 7.1B, and thus, the Court stayed discovery in this matter on September 8, 2015. [Doc. 17]. On September 16, Defendant filed a response to Plaintiff's motion to strike as well as its reply to the motion for summary judgment. [Docs. 18-19]. On October 5, 2015, Plaintiff filed a motion for leave to file a surreply. [Doc. 20]. Defendant did not file a response in opposition. [*See* Dkt.]. All of the motions are accordingly ripe for review and the Court now considers the pending motions.

## II.     Motion for Leave to File Surreply, [Doc. 20]

On October 5, 2015, Plaintiff filed a motion for leave to file a surreply and included the surreply. [Doc. 20]. Defendant did not file a response in opposition, indicating no opposition. N.D. Ga. R. 7.1B. Accordingly, the Court **GRANTS** Plaintiff's motion to file a surreply, [Doc. 20], and the Court will consider Plaintiff's surreply filed with the motion.

AO 72A
(Rev.8/8
2)

III.    **Motion for Summary Judgment and Motion to Strike, [Docs. 12, 15]**

A.    **Arguments of the Parties**

Plaintiff's Complaint alleges that Defendant is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2, and that Defendant initiated a "soft pull" of Plaintiff's credit report without a permissible purpose on various dates between 2013 and 2014, thereby willfully and negligently violating 15 U.S.C. § 1681b(f). [Doc. 1-1 at 4-7].

In support of its motion for summary judgment, Defendant argues that it neither reported the account to any credit reporting agency ("CRA") nor obtained any information from any credit reporting agencies relative to Plaintiff or his accounts. [Doc. 12-3 at 5]. Defendant asserts that it purchased two defaulted Bank of America accounts owed by Plaintiff from FIA Card Services, N.A. [Doc. 12-3 at 2]. Defendant alleges that on October 26, 2011, it purchased the first credit card account with the account number ending with 0783. [*Id*]. It further alleges that on February 27, 2012, it purchased a second credit card account with the account number ending with 2252. [*Id*.]. Defendant admits that it "does not own any other accounts associated with Plaintiff other than the accounts ending with account numbers 0783 and 2253." [*Id*.].

4

Defendant alleges that Cavalry SPV I, LLC does not report the accounts it owns to the CRAs, nor does it obtain information from the CRAs relative to the accounts it purchases; rather Cavalry Portfolio Services, LLC ("CPS") performs account recovery services for SPV, including, *inter alia*, the reporting of accounts purchased by SPV to the CRAs.  [*Id*.].  Defendant further alleges that the accounts owed by Plaintiff were placed with CPS for servicing.  [*Id*. at 5].  Thus, Defendant argues, it was CPS that reported the accounts ending in 0783 and 2252 to the CRAs between 2011 and 2015. [*Id*. at 2-3, 5-6].  Defendant further asserts that CPS, not SPV, ordered credit reports relative to these accounts on February 10, 2012 and February 21, 2012.  [*Id*. at 3, 6]. Because SPV did not furnish any information regarding Plaintiff or his accounts, Defendant argues that it is not a "furnisher" as that term is defined under the FCRA. [*Id*. at 6].

Defendant argues that, even if SPV did report Plaintiff's account to the CRAs or obtained information regarding Plaintiff from the CRAs, it had a permissible purpose under the FCRA to do so as the owner of Plaintiff's accounts.  [*Id*. at 7 (citing 15 U.S.C. § 1681b(a)(3)(A))].  Therefore, Defendant argues that summary judgment should be granted in its favor.

5

Defendant also submitted a "Statement of Uncontested Material Facts," and an affidavit along with exhibits purporting to show Plaintiff's accounts and the assignment from FIA Card Services to Defendant dated October 26, 2011 and February 27, 2012. [Docs. 12-1, 12-2]. Plaintiff filed a motion to strike the affidavit, arguing in part that Defendant has not provided any evidence that the accounts alleged to be Plaintiff's were included in the pool of the loans purchased. [Doc. 15 at 2].

In response to the motion for summary judgment, Plaintiff argues that Defendant has not proven that it had a permissible purpose to obtain Plaintiff's credit report. [Doc. 16 at 1]. Plaintiff argues that Defendant has not submitted any verified evidence that Plaintiff owed a legitimate debt or has an account with any entity or that Defendant was retained to collect the debts alleged. [*Id*. at 2]. Plaintiff argues that the purported assignments do not mention his name or account number and thus SPV fails to establish a transfer of his debt to it. [*Id*.]. Plaintiff argues that the evidence submitted by Defendant purporting to be the Plaintiff's accounts do not contain any information to prove its authenticity and does not have information about who purchased the alleged debt. [*Id*.]. Plaintiff also challenges the affidavit in that Plaintiff argues that the affiant does not have personal knowledge of the alleged account while in custody of the assignor. [*Id*. at 3]. Plaintiff concedes that CPS performs account recovery for SPV,

6

[*id.*], however, Plaintiff alleges that CPS and SPV operate as parts of a single business operation under the parent company Cavalry Investment, LLC and SPV does not operate independently of CPS.  [*Id*. at 4].  Plaintiff further alleges that SPV and CPS actively participated in the acts or omissions which are the subject of this suit. [*Id*. at 5].

Plaintiff then argues that, because there is outstanding discovery and discovery has not yet concluded, the motion for summary judgment is premature and thus should be denied.  [*Id*. at 6].  Plaintiff alleges that there is an outstanding discovery request sent to Defendant that would answer the following: (1) whether Defendant obtained Plaintiff's credit report in connection with collecting a legitimate debt; (2) whether Defendant had a permissible purpose to obtain Plaintiff's credit report; (3) whether the alleged debt belonged to Plaintiff; (4) whether Defendant violated the FCRA; and (5) the relationship between Defendant and CPS.  [*Id*. at 6-7].

Plaintiff further submits that this Court should not consider the proposed evidence because the affidavit submitted is untrustworthy and thus the evidence in conjunction is not properly authenticated.  [*Id*. at 9].  Plaintiff has also submitted his own affidavit, asserting that he does not and has not had a contract or agreement with

7

Defendant or CPS, he did not have multiple accounts with Bank of America, and Defendant never notified Plaintiff of any assignment.[2]  [*Id.* at 14-15].

In response to Plaintiff's motion to strike, Defendant argues that the motion is procedurally improper and thus should be denied.  [Doc. 18 at 1-3].  To the extent that Plaintiff raises objections to the affidavit, Defendant argues that the affidavit complies with Rule 803(6) of the Federal Rules of Evidence ("FRE") and Plaintiff has come forward with nothing to challenge the trustworthiness or reliability of the affidavit. [*Id.* at 3-5].

In reply to Plaintiff's opposition to its motion for summary judgment, Defendant argues that Plaintiff has failed to conform to the local rules by not filing a response to Defendant's statement of material facts and, therefore, the facts are uncontested and should be deemed admitted.  [Doc. 19 at 1-2].  Defendant also argues that Plaintiff has merely asserted opinions and conclusions and has not come forward with any evidence that would tend to dispute that Defendant is the lawful owner of Plaintiff's defaulted accounts, that Defendant did not obtain any information from any CRA relative to

─────────────

[2]     The Court notes that, while the affidavit purports to be signed by a notary, the affidavit does not bear the notarial seal.  [*Id.* at 15].

8

Plaintiff; and that even if Defendant obtained information from a CRA, it had a permissible purpose to do so.  [*Id.* at 2-3].

In Plaintiff's surreply, Plaintiff merely argues that he responded to each of Defendant's statements and  reasserts his previous arguments.  [Doc. 20 at 1-8].

### B.    Summary Judgment Standard

"Summary judgment is proper where 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.' " *Tana v. Dantanna's*, 611 F.3d 767, 772 (11th Cir. 2010) (quoting Fed. R. Civ. P. 56(c)). The movant carries the initial burden of "informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact."   *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 323 (1986)).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party may also meet its burden by pointing out that there is an absence of evidence to support an element of the case on which the nonmoving party bears the burden of proof.  *Celotex*, 477 U.S. at 325.  "Only when that burden has been met does the burden shift to the

9

non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

The nonmovant is then required "to go beyond the pleadings" and present competent evidence in the form of affidavits, depositions, admissions, and the like, designating "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "The mere existence of a scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252. "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* If the record does not blatantly contradict the nonmovant's version of events, the court must determine "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *See Anderson*, 477 U.S. at 252; *see also EPL Inc. v. USA Fed. Credit Union*, 173 F.3d 1356, 1362 (11th Cir. 1999); *Duke v. Cleland*, 884 F. Supp. 511, 514 (N.D. Ga. 1995). On the other

10

hand, if the record presents disputed issues of material fact, the Court may not decide them; rather, it must deny the motion and proceed to trial. *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011) (citing *Tullius v. Albright*, 240 F.3d 1317, 1320 (11th Cir. 2001)).

### C.   Discussion

#### 1.   Affidavit of Terry Rivera

First, the Court concludes that because Plaintiff challenged the admissibility of the affidavit and the exhibits, which is Defendant's sole evidence underlying its Statement of Material Facts, the Court declines Defendant's request to deem the facts in the statement of material facts to be admitted.

Regarding Plaintiff's motion to strike, Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may order stricken from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Pleadings include complaints, answers, replies to counterclaims, answers to cross-claims, third-party complaints, and third-party answers. *See* Fed. R. Civ. P. 7(a). On the other hand, a motion to strike an affidavit filed in support of a motion is inappropriate and should be denied. *See Jordan v. Cobb Cnty., Ga.*, 227 F. Supp. 2d 1322, 1346 (N.D. Ga. 2001) (Carnes, J.) ("Rule 12(f) applies only

11

to matters within the pleadings[.]"); *see also Michaels v. City of Vermilion*, No. 1:05cv2991, 2007 WL 893185, at *2 (N.D. Ohio Mar. 22, 2007) ("[W]hile some courts have employed Rule 12(f) to strike items such as an affidavit or a brief, or portions thereof, there is no basis in the Federal Rules for doing so."); 2 James Wm. Moore, *et al.*, *Moore's Federal Practice* § 12.37[2] (3d ed. 1999) ("Only material included in a 'pleading' may be subject of a motion to strike . . . . Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.") (quoted in *Grider v. City of Auburn*, No. 3:07cv1031-MHT, 2009 WL 1708066, at *1 (M.D. Ala. June 17, 2009)).

The Court therefore **DENIES** Plaintiffs' motion to strike, [Doc. 15]. Nonetheless, the Court will construe the motion as an objection to the affidavit. *See Hawk v. Atlanta Peach Movers, Inc.*, No. 1:10-cv-239, 2011 WL 1533024, at *1-2 (N.D. Ga. Apr. 21, 2011) (King, M.J.) (concluding that motion to strike various documents, including an affidavit, to be inappropriate because the documents were not pleadings, and instead construing motion as a notice of objection); *Lentz v. Hospitality Staffing Solutions, LLC*, No. 1:06-cv-1893, 2008 WL 269607, at *10 (N.D. Ga. Jan. 28, 2008) (Duffey, J.) (citing *Jordan*, 227 F. Supp. 2d at 1346-47, for proposition that "[i]t is improper to strike an affidavit attached to a motion for summary judgment"

because the proper method is to challenge the admissibility of the evidence in the affidavit).

Plaintiff's objections to the affidavit are merely conclusory allegations that Defendant failed to comply with FRE Rule 803(6) business records exception because the affidavit is untrustworthy and that the "statements made in the affidavit have been shown to be patently false making the entire affidavit untrustworthy." [Doc. 16 at 9-10]. Plaintiff also alleges that the affidavit cannot be relied upon because the affiant was not involved in the assignor's record-keeping and affiant impermissibly relies on information from a computer screen, thus lacking personal knowledge. [*Id.* at 3; Doc. 15 at 3]. However, Plaintiff does not provide any legal support for the assertion that affiant must also have knowledge of the assignor's record-keeping. To the contrary, the debt collector need only believe that it is obtaining a credit report in connection with a legitimate credit transaction for it to be a permissible purpose. *See Pinson v. Monarch Recovery Mgmt., Inc.*, No. 12-80480-CIV, 2013 WL 961308, at *3 (S.D. Fla. Mar. 12, 2013). Plaintiff did provide citations in support of his argument that an affiant cannot rely on information stored in a computer, however, these citations do not state what Plaintiff suggests. [*See* Doc. 15 at 2 (citing cases)]. Again, to the contrary, testimony regarding a computer system's record information is sufficient to

13

lay foundation for computer-generated records under the business records exception. *See United States v. Miller*, 771 F.2d 1219, 1237 (9th Cir. 1985), *U-Haul Intern., Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1045 (9th Cir. 2009); *see also In re Sagamore Partners, Ltd.*, Nos. 11-37867-BKC-AJC, ADV 11-3122-BKC-AJC, 2012 WL 3564014, at *5 (Bankr. S.D. Fla. Aug. 17, 2012) (relying *inter alia* upon *United States v. Moore*, 923 F.2d 910, 914-15 (1st Cir. 1991), where the court held that the head of a bank's consumer loan department was qualified to introduce a service bureau's computer generated "loan histories" as the bank's business records where the bank could and did retrieve information from the service bureau).

Therefore, Plaintiff's objections to the affidavit are **OVERRULED**. At the same time, the Court will not blindly accept as true the facts contained in Defendant's Statement of Material Facts because the Court is under an obligation to determine whether the evidentiary materials submitted by Defendant create any issues of material fact.

### 2.   Permissible Purpose

The FCRA, 15 U.S.C. § 1681 *et seq.*, was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."   *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (citing

15 U.S.C. § 1681).  The FCRA outlaws both negligent violations of the FCRA, which entitle the consumer to actual damages (15 U.S.C. § 1681o(a)), and willful violations of the FCRA, which entitle the consumer to actual damages or statutory damages and punitive damages (15 U.S.C. § 1681n(a)).  *See Burr*, 551 U.S. at 53.  For liability to arise under both § 1681n and § 1681o, a plaintiff

> must prove that there was a consumer report, that defendants used or obtained it, and that they did so without a permissible statutory purpose. [He] must also prove that the defendant[ ] acted with the specified level of culpability, which is willfulness under section 1681n and negligence under section 1681o.

*Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds by Burr*, 551 U.S. at 56 & n.8.

Plaintiff's Complaint contends that Defendant willfully and negligently violated 15 U.S.C. § 1681b(f).  That section provides that "[a] person shall not use or obtain a consumer report for any purpose unless": (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with § 1681e of this title by a prospective user of the report through a general or specific certification.   15 U.S.C. § 1681b(f).  Thus, "[t]he FCRA imposes civil liability on . . . users of information that obtain credit reports of consumers for purposes not specified in § 1681b." *Milton v. LTD Fin. Servs.*,

No. CV 210-119, 2011 WL 291363, at *2 (S.D. Ga. Jan. 25, 2011).  One of the permissible purposes for obtaining a consumer report is to "use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."  15 U.S.C. § 1681b(a)(3)(A).  *See, e.g.*, *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3d Cir. 2011) (recognizing that debt collector may obtain credit reports to collect on delinquent accounts); *Miller v. Wolpoff & Abramson, LLP*, 309 Fed. Appx. 40, 43 (7th Cir. Feb. 5, 2009) (collection agency obtaining credit report on behalf of debt's owner had a legitimate purpose under § 1681b(a)(3)(A)); *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 118 (E.D.N.Y. 1999) (same); *Korotki v. Attorney Servs. Corp. Inc.*, 931 F. Supp. 1269, 1277-78 (D. Md. 1996) (same).

Here, Defendant's Statement of Material Facts provide that "SPV purchased a defaulted Bank of America credit card account owed by Henriquez Jean ending in 2252 on February 27, 2012."  (Defendant's Statement of Uncontested Material Facts, [Doc. 12-1], ("Def. SOF") at ¶ 4).  However this statement is not supported by the evidence.  This fact cites to the affidavit of Terry Rivera, in which Rivera avers that "[o]n or about February 27, 2012, SPV purchased Mr. Jean's defaulted credit card

16

account number ending in *2552* from FIA Card Services, N.A." (Affidavit of Terry Rivera, [Doc. 12-2], ("Rivera Aff.") at ¶ 16j) (emphasis supplied). Rivera further states that "Attached hereto as Exhibit 'C' is a true and correct copy of the written assignment (in the form of a 'Bill of Sale and Assignment of Loans') of Mr. Jean's account (ending in account number *2252*) to SPV." (Rivera Aff., [Doc. 12-2], at ¶ 16l) (emphasis supplied). However, "Exhibit C" contains no information for account number 2252 or any other account numbers, and is merely an assignment of certain unspecified loans. [Doc. 12-2 at 12]. Rivera acknowledges that the loans are specified in a separate Loan Schedule, (Rivera Aff. at ¶ 16o), however, the Loan Schedule was not attached as an exhibit. Rivera asserts that "Attached hereto as Exhibit 'D' is a true and correct copy of the Henriquez Jean account extracted and redacted from the Loan Schedule from the Bill of Sale and Assignment of Loans, evidencing SPV's purchase of Mr. Jean's account ending in account number *2252.*" (Rivera Aff. at ¶ 16p) (emphasis supplied). However, "Exhibit D" refers to an account number ending in "*22552*," not "2252." [*See* Doc. 12-2 at 14]. This does not appear to be a mere clerical error, as Defendant asserted that it owned account number ending in 2252 at least 14 times between its Statement of Material Facts, Affidavit and brief. *See* (Def. SOF at ¶¶ 4, 9, 10, 11; Rivera Aff. at ¶¶ 16l, 16o, 16p, 16q, 16r, 16t); [Doc. 12-3 at 2, 3, 5]. Defendant's brief

17

further confuses matters by proclaiming that "SPV does not own any other accounts associated with Plaintiff other than the accounts ending with account numbers 0783 and *2253."* [Doc. 12-3 at 2]. Therefore, Defendant has not presented sufficient evidence that it conclusively owned a debt owed by Plaintiff pertaining to account number 2252.

Nonetheless, the evidence presented by Defendant is consistent that it purchased an account belonging to Plaintiff ending in 0783 on October 26, 2011 from Bank of America/FIA Card Services. (Def. SOF at ¶ 3; Rivera Aff. at ¶ 16a.); [Doc. 12-2 at 8, 10; Doc. 12-3 at 2]. Defendant also states that CPS performs account recovery services for SPV and thus CPS, not SPV, "obtains information from the credit reporting agencies relative to [Plaintiff's] accounts." (Def. SOF at ¶¶ 5, 6-7; Rivera Aff. at ¶¶ 5, 8). Defendant further provides that CPS obtained credit reports relative to Plaintiff's accounts in February 2012. (Def. SOF at ¶ 10; Rivera Aff. at ¶ 16u.).[3]

Assuming, as Plaintiff alleges, that CPS and SPV are not separate and independent from each other, the evidence shows that Defendant had a permissible purpose to obtain the credit reports, i.e. to collect a debt. Plaintiff even appears to

---

[3] The Court notes that Defendant's statement of facts alleges that CPS ordered credit reports "on 2/10/12 from Experian and on 2/21/12 from TransUnion." (Def. SOF at ¶ 10). However, the affidavit provides that CPS ordered credit reports "on 2/20/12 from Experian and on 2/21/12 from TransUnion." (Rivera Aff. at ¶ 16u.).

AO 72A (Rev.8/82)

concede that the credit report(s) were obtained in an attempt to collect a debt.  [Doc. 16 at 4 ("SPV obtained Plaintiff's Consumer Credit Report through CPS on February 21, 2012 (from Experian and TransUnion) in its attempt to collect Plaintiff's alleged debt.)].  Based on this fact alone, Defendant's motion for summary judgment is due to be granted.

### 3.      Summary Judgment Filed Before Close of Discovery

Lastly, Plaintiff argues that Defendant's motion for summary judgment should be denied because the motion is premature as there is an outstanding discovery request that was sent to Defendant that would provide whether Defendant obtained Plaintiff's credit report in connection with collecting a "legitimate" debt, whether Defendant had permissible purpose to obtain Plaintiff's credit report, whether the alleged debt belonged to Plaintiff, whether Defendant violated the FCRA, and the relationship between Defendant and CPS.  [Doc. 16 at 6-7].  Although not specifically stated, the Court construes Plaintiff's argument that Defendant's motion is premature as invoking Rule 56(d) of the Federal Rules of Civil Procedure.

Rule 56 permits a party to file a motion for summary judgment anytime during the proceedings, but no later than 30 days after the close discovery.  Fed. R. Civ. P. 56(b).  Rule 56(d) provides: "If a nonmovant shows by affidavit or

19

declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997). "A premature decision on summary judgment impermissibly deprives the plaintiff[] of [his] right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion." *Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996) (internal citations and quotations omitted). The Eleventh Circuit further provides that

> summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party

20

> opposing the motion has been unable to obtain responses to his discovery
> requests.

*Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988)
(internal citations omitted).

However, denial or delay of a summary judgment motion when there is
outstanding discovery is not absolute. *Reflectone, Inc. v. Farrand Optical Co., Inc.*,
862 F.2d 841, 843 (11th Cir. 1989). "In this Circuit, a party opposing a motion for
summary judgment need not file an affidavit pursuant to Rule 56(f)[4] of the Federal
Rules of Civil Procedure in order to invoke the protection of that Rule. . . .  However,
the party opposing the motion for summary judgment bears the burden of calling to the
district court's attention any outstanding discovery." *Snook*, 859 F.2d at 871.  Thus,
"[t]he party seeking to use [R]ule 56(f) may not simply rely on vague assertions that
additional discovery will produce needed, but unspecified, facts, but rather he must
specifically demonstrate how postponement of a ruling on the motion will enable him,
by discovery or other means, to rebut the movant's showing of the absence of a genuine
issue of fact." *Reflectone, Inc*, 862 F.2d at 843 (internal quotations and citations

---

[4]    In 2010 Rule 56(d) carried forward the provisions of the former Rule 56(f)
without substantial change.  *See* Fed. R. Civ. P. 56 Advisory Committee Notes,
2010 Amendment.

21

omitted).   Ultimately, the decision to grant or deny a Rule 56(d) motion lies within the sound discretion of the trial judge.  *Burks v. Am. Cast Iron Pipe Co.*, 212 F.3d 1333, 1336 (11th Cir. 2000); *Carmical v. Bell Helicopter Textron, Inc.*, 117 F.3d 490, 493 (11th Cir. 1997).

Here, Plaintiff has failed to explain how additional discovery would help Plaintiff show a genuine issue of fact.  Plaintiff appears to concede that Defendant, through CPS, obtained Plaintiff's credit report in connection with collecting a debt.  [Doc. 16 at 4].  Thus, there was a permissible purpose and no violation of the FCRA on this ground, and the Court has construed the motion in favor of Plaintiff and assumed that Defendant and CPS are the same entity.  The only issue appears to be whether the alleged debt belonged to Plaintiff.  However, Plaintiff's "affidavit" only asserts that he did not have any sort of relationship with Defendant and that he did not have "multiple" accounts with Bank of America.  [Doc. 16 at 14].  The affidavit also maintains that Defendant did not give Plaintiff any notice of an assignment that would authorize it to obtain Plaintiff's credit report.  [*Id.*].  Through his affidavit, Plaintiff appears to concede that he had at least one account with Bank of America and provides no authority that he was required to receive notice of the assignment before Defendant could collect on the debt.  As Defendant has produced evidence that it obtained at least one of Plaintiff's debts

22

from Bank of America, the Court finds that there are no outstanding discovery issues.

Even if Defendant did not in fact own any debts by Plaintiff, the debt collector need

only believe that it is obtaining a credit report in connection with a legitimate credit

transaction for it to be a permissible purpose, *see Pinson.*, 2013 WL 961308, at *3; and

Plaintiff makes no argument that Defendant could not have reasonably believed that it

owned a debt owed by Plaintiff.

Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion for

Summary Judgment be **GRANTED**.[5]

## VII.   Conclusion

For the reasons herein, the undersigned **RECOMMENDS** that the District Judge

**GRANT** Defendant's Motion for Summary Judgment.   [Doc. 12].   In addition, the

---

[5]   The Court notes that Plaintiff did not address Defendant's arguments that it is not subject to liability as a furnisher of information under the FCRA.   Accordingly, any argument that Defendant violated the FCRA for furnishing information to the CRAs is deemed abandoned.   *Kramer v. Gwinnett Cnty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) (Evans, J.) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."); *Hudson v. Norfolk S. Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) (Carnes, J.) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned."); *see also* ND. Ga. R. 7.1B.   Therefore, the undersigned **RECOMMENDS** to the District Judge that Defendants' motion for summary judgment on Plaintiff's claim relating to Defendant as a furnisher of information be **GRANTED**.

AO 72A
(Rev.8/8
2)

undersigned **DENIES** Plaintiff's motion to strike, [Doc. 15], and **GRANTS** Plaintiff's

motion for leave to file a surreply, [Doc. 20].

The Clerk is **DIRECTED** to terminate reference to the undersigned.

**IT IS SO ORDERED, RECOMMENDED and DIRECTED**, this the 25th day

of January, 2016.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

24